Filed 1/14/14  Garcia Juarez Construction v. Monte Vista Water Dist. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| GARCIA JUAREZ CONSTRUCTION, INC., | |
| Plaintiff and Appellant, | E054324 |
| v. | (Super.Ct.No. CIVRS1004326) |
| MONTE VISTA WATER DISTRICT, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Barry L. Plotkin, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Felahy Law Group, Allen B. Felahy and Oscar Ramirez for Plaintiff and Appellant.

Robertson & Associates, Robert Nation and Alexander Robertson IV for Defendant and Respondent.

1

Garcia Juarez Construction, Inc., appeals from a judgment entered in favor of Monte Vista Water District following the grant of the water district's motion for summary judgment.

We hold that under the controlling authority, the parties' moving and opposition papers establish that Garcia Juarez Construction (hereafter Garcia Juarez) failed to show the existence of a triable issue of material fact. Accordingly, we will affirm the judgment.

<u>BACKGROUND</u>

Monte Vista Water District (hereafter the water district) solicited bids for construction of a pipeline and a pressure relief station in the City of Montclair. Garcia Juarez submitted a bid for $311,800 and was awarded the contract for that amount, plus additional compensation due to changed conditions and/or extra work performed, if any. Garcia Juarez based its bid on the understanding that it would be permitted to store its equipment on site while it was engaged in work on the project. It alleged in its complaint that this is the industry standard.

The contract executed by the parties required Garcia Juarez to obtain an encroachment permit from the City of Montclair. After the contract was executed, Garcia Juarez obtained the permit and learned that a term of the permit prohibited a contractor from storing its equipment on site, thus requiring it to mobilize and demobilize its equipment daily. Garcia Juarez notified the water district and requested extra compensation to cover the cost of doing so. The water district denied the request. The additional cost to Garcia Juarez was $66,671.71.

2

Garcia Juarez filed a claim for the additional compensation pursuant to Government Code section 910. The claim was denied, and Garcia Juarez filed a complaint for breach of contract and breach of warranty.

The water district filed an answer to the complaint. Thereafter, it filed a motion for summary judgment. Garcia Juarez filed opposition. After hearing argument, the court granted the motion. Judgment was entered on July 1, 2011, and Garcia Juarez filed a timely notice of appeal on August 5, 2011.

## DISCUSSION

### SUMMARY JUDGMENT WAS PROPERLY GRANTED

*Standard of Review*

A defendant moving for summary judgment must show that one or more elements of a cause of action cannot be established, or that there is a complete defense to that cause of action. Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or as to a defense to the cause of action. The plaintiff must set forth specific facts showing that a triable issue of material fact exists.[1] (Code Civ. Proc., § 437c, subd. (p)(2).)

We review an order granting summary judgment de novo. In performing our de novo review, we must view the evidence in a light favorable to the defendant as the losing party, liberally construing its evidentiary submission while strictly scrutinizing the plaintiff's showing, and resolving any evidentiary doubts or ambiguities in the

---

[1] Garcia Juarez does not deny that the water district made a sufficient showing to cause the burden to shift to it.

3

defendant's favor. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768-769.)

Here, we conclude that the undisputed facts defeat both causes of action and that Garcia

Juarez has not demonstrated the existence of a triable issue of material fact.

*Summary Judgment Was Properly Granted*

Garcia Juarez's theory for both causes of action was that the water district had a

duty to disclose that daily mobilization and demobilization would be required, but that it

either intentionally failed to disclose that information or actively concealed it in order to

induce lower bids. It contended in its opposition to the summary judgment motion that

because the industry standard, as reflected in the Standard Specifications for Public

Works Construction, generally referred to as the "Greenbook," is that daily mobilization

and demobilization is not required, the water district had a duty to inform bidders

explicitly that under this contract, daily mobilization and demobilization would be

required.

Shortly before the water district filed its motion for summary judgment, the

California Supreme Court issued its opinion in *Los Angeles Unified School Dist. v. Great

American Ins. Co.* (2010) 49 Cal.4th 739.[2] In that case, the court addressed the question

presented here: Under what circumstances may a contractor on a public works contract

recover damages when the plans and specifications of a project are correct, but the

---

[2] The parties refer to this case as "*Hayward*" after the second defendant in that case, Hayward Construction Company. (See *Los Angeles Unified School Dist. v. Great American Ins. Co.*, *supra*, 49 Cal.4th 739.) We shall short cite it as *LAUSD v. Great American*.

4

contracting public authority failed to disclose information in its possession that materially affected the cost of performance? (*Id.* at p. 744.)

The court analyzed conflicting intermediate court opinions and concluded that a contractor "may be entitled to relief for a public entity's nondisclosure in the following limited circumstances: (1) the contractor submitted its bid or undertook to perform without material information that affected performance costs; (2) the public entity was in possession of the information and was aware the contractor had no knowledge of, nor any reason to obtain, such information; (3) any contract specifications or other information furnished by the public entity to the contractor misled the contractor or did not put it on notice to inquire; and (4) the public entity failed to provide the relevant information. The circumstances affecting recovery may include, but are not limited to, positive warranties or disclaimers made by either party, the information provided by the plans and specifications and related documents, the difficulty of detecting the condition in question, any time constraints the public entity imposed on proposed bidders, and any unwarranted assumptions made by the contractor. *The public entity may not be held liable for failing to disclose information a reasonable contractor in like circumstances would or should have discovered on its own, but may be found liable when the totality of the circumstances is such that the public entity knows, or has reason to know, a responsible contractor acting diligently would be unlikely to discover the condition that materially increased the cost of performance.*" (*LAUSD v. Great American*, *supra*, 49 Cal.4th at pp. 753-754, italics added.)

Garcia Juarez does not contend that the contract or the bidding documents affirmatively represented or suggested that it would be able to store its equipment at the site, nor does it point to any evidence that any representative of the water district told it that overnight storage would be permitted. Rather, it contends that because the bidding instructions provided by the water district did not instruct bidders to "look beyond the contract documents to familiarize themselves with all the local ordinances and requirements," it did not obtain information concerning the city's permit conditions until after it had been awarded the contract.

Contrary to Garcia Juarez's contentions, the bidding and contract documents unquestionably informed bidders that they were required to familiarize themselves with the permit requirements of the City of Montclair and to obtain all required permits:

The Summary of the Work states, "The contractor shall comply with the all [*sic*] construction requirements of the Monte Vista Water District. Bonding fees and [the] inspection permit fee required by the district shall be paid by the contractor and shall include: [¶] 1. *City of Montclair encroachment permit. . . .*"[3]

The General Provisions states, "Observing Ordinances. The contractor shall observe *all the laws and ordinances of [the] city*, county or state, where applicable, *in relation to the obstruction of streets and driveways . . . .*" The document further states, "*The contractor shall comply with all permit requirements of the city and all other involved agencies, and all costs therefor shall be included in the prices bid.*" The

---

**3** We have normalized the capitalization in the quoted portions of the contract and bidding documents. We have added italics for emphasis.

bidding instructions state, "Before submitting a bid, each bidder must (a) examine the contract documents thoroughly . . . (c) familiarize itself with federal, state and local laws, ordinance[s], rules and regulations that may in any manner affect cost, progress or performance of the work, [and] (d) study and carefully correlate bidder's observations with the requirements of the contract document."

Both the bid form and the contract executed by Garcia Juarez contained an acknowledgement that it had familiarized itself with all laws and regulations "that in any manner may affect cost, progress, performance or furnishing the work."

Garcia Juarez admitted that the city's General Permit Condition and Utility Trench Specifications provides, "There shall be no equipment or materials stored or stockpiled in [the] street right-of-way. Equipment and materials shall be removed from the street right-of-way when not in use and at the end of each working day, except as approved by the Department." The encroachment permit apparently contains the same requirement.[4]

Garcia Juarez admitted that the city's permit requirements were readily available both at the city's permit desk and on its Web site, but admitted both in its complaint and in its response to the water district's statement of undisputed facts that it did not obtain the permit information until after its bid had been accepted and it had entered into the contract with the water district.

These undisputed facts establish that Garcia Juarez was put on notice to ascertain the city's permit requirements, to determine whether those requirements would affect the

---

[4] Neither party has cited to a page in the record where the encroachment permit appears, and we have not discovered it.

7

cost of its performance of the contract, and to incorporate them into the price it bid on the contract.

Garcia Juarez contends, however, that triable issues of fact exist as to the misleading nature of the contract and bidding documents for several reasons. First, it asserts that the water district knew that it is the standard in the industry not to obtain a permit before being awarded the contract. Nevertheless, it admits that it could have obtained the city's permit requirements before submitting its bid. It also appears to contend that it reasonably assumed that the Greenbook, which states the industry standard is not to require daily mobilization and demobilization, would govern the contract. However, the Conditions of the Contract provides that "permits from other agencies as may be required by law" would take precedence over the Greenbook in resolving conflicts resulting from "errors, discrepancies, ambiguities, or inconsistencies" in any of the contract documents. Finally, Garcia Juarez contends that the contract documents were intentionally misleading because the permit requirements of the California Department of Transportation were physically included in the document but the city's permit requirements were not provided. This fact is not sufficient to raise a genuine triable issue of fact, however, because the bidding and contract documents repeatedly alerted bidders that additional permits might apply and expressly informed bidders that they were required to obtain the city's encroachment permit.

A reasonable contractor acting diligently would have obtained the readily available information as to the city's permit requirements. Because Garcia Juarez failed to do so, its own negligence, rather than any error or omission by the water district, was

8

responsible for the additional expenses it incurred in performing its obligations under the contract. Accordingly, its two causes of action fail as a matter of law, pursuant to *LAUSD v. Great American*, *supra*, 49 Cal.4th at pages 753 through 754.

Garcia Juarez contends, however, that *LAUSD v. Great American*, *supra*, 49 Cal.4th 739, is inapposite because in that case, the court "struck a balance between two innocent parties." It states, "There was no finding in [that case] that the public entity had knowledge of the condition encountered by the contractor for which additional payment was requested." It asserts that in this case, the water district "had full knowledge of the restrictions which caused additional cost to" Garcia Juarez and intentionally failed to disclose that information.

We disagree that *LAUSD v. Great American*, *supra*, 49 Cal.4th 739, applies only if both parties are ignorant of the condition which adversely affected the contractor or if both are "innocent" parties. As the court pointed out, an action for intentional or negligent misrepresentation cannot be maintained against a public entity, and a contractor which asserts that the public entity mislead it into making an inappropriately low bid has a cause of action only for breach of contract. (*Id*. at p. 748 & fn. 3, citing and discussing Gov. Code, § 818.8 [governmental immunity for misrepresentation].) Accordingly, the public entity's intent to conceal material facts, or its lack of intent to do so, is irrelevant, as is its status as an "innocent" party. (*LAUSD v. Great American*, at p. 745 [contractor is entitled to recover regardless of any showing of a fraudulent intent to conceal material facts].) As explained by another court, "Under general principles of contract and tort law, a party who conceals or fails to disclose material information to another is liable for

9

fraud.  In the public construction contract context, however, the conduct of a public agency which would otherwise amount to a tortuous [*sic*] misrepresentation is treated as a breach of contract.  The underlying theory is that providing misleading plans and specifications constitutes a breach of the implied warranty of correctness.  [Citation.]" (*Howard Contracting, Inc. v. G.A. MacDonald Construction Co.* (1998) 71 Cal.App.4th 38, 55 (*Howard*).)  Accordingly, the water district's intent in omitting an express statement that overnight storage of the equipment would not be permitted is irrelevant.[5]

We reject Garcia Juarez's contention that the controlling authority in this case is not *LAUSD v. Great American* but *Howard*, *supra*, 71 Cal.App.4th 38.  The portion of *Howard* which deals with concealment of material facts by a public agency in soliciting bids for a public works project is consistent with the holding in *LAUSD v. Great American* that a public entity "may not be held liable for failing to disclose information a reasonable contractor in like circumstances would or should have discovered on its own, but may be found liable when the totality of the circumstances is such that the public entity knows, or has reason to know, a responsible contractor acting diligently would be unlikely to discover the condition that materially increased the cost of performance." (*LAUSD v. Great American*, *supra*, 49 Cal.4th at p. 754.)

---

[5] For this reason, we also reject Garcia Juarez's contention that there is a triable material issue of fact as to the water district's "affirmative fraudulent intent to conceal" this information.  We also reject Garcia Juarez's assertion that the test formulated in *LAUSD v. Great American* "is framed as an alternative to having to prove an affirmative fraudulent intent to conceal."  It is not an alternative, because, as the opinion makes clear, fraudulent intent is irrelevant in a breach of contract action.  (See *LAUSD v. Great American*, *supra*, 49 Cal.4th at pp. 745, 748 & fn. 3; see also *Howard*, *supra*, 71 Cal.App.4th at p. 50.)

In *Howard*, the city was found in breach of contract in part because it failed to disclose limitations on the project which it anticipated would be required by permits to be issued by federal agencies. (*Howard*, *supra*, 71 Cal.App.4th at p. 50.) The city argued that the permits disclosed the agencies' intent to impose restrictions on disposal of excavated material and on access to the project, and that if the plaintiff had examined the permits, it would have learned of the adverse effect of those restrictions on the cost and time required to complete the project. (*Id.* at p. 55.) The court held, however, that the contract "did not specifically direct bidders to examine the permits issued by the regulatory agencies." Moreover, "since no permits were issued until after the bid submission date, *no permits existed for bidders to review*." (*Id.* at p. 56, italics added.) Finally, the court held, since the city bore responsibility for obtaining the project permits, "bidders were reasonably entitled to assume that the [c]ity would inform them of any permit requirements or restrictions adversely affecting their ability to perform work on the project." (*Ibid.*)

Here, in contrast, bidders were informed that the City of Montclair's permit requirements would apply and that they would need to obtain the city's encroachment permit. They were also informed that any permits required by law would supersede the Greenbook if there was a conflict between the two. The information as to the city's permit requirements was readily available. Because the water district gave notice sufficient to put bidders on inquiry as to the city's permit requirements, no bidder could claim that it exercised due diligence in formulating its bid if it failed to ascertain the impact the city's permit requirements might have on its performance of the contract.

11

We also reject Garcia Juarez's contention that the water district is "rely[ing] on generic disclaimers to insulate itself for its failure to disclose and concealment of the conditions." Garcia Juarez does not explain what it means by "generic disclaimer," nor does it cite any language in the contract or bidding documents which allegedly constitutes such a disclaimer. Further, although it cites *Howard*, *supra*, 71 Cal.App.4th 38 in this context, it does not cite any specific portion of that case which discusses disclaimers. We need not consider perfunctory arguments which are not supported either by citation to the record or by legal argument and authority. (See *People v. Weaver* (2001) 26 Cal.4th 876, 986-987; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [Fourth Dist., Div. Two].) Accordingly, we deem the contention waived.

## DISPOSITION

The judgment is affirmed. Monte Vista Water District is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

RICHLI
J.